**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4121**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

ROBERT DIPASALEGNE,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. Robert E. Payne, Senior District Judge. (3:05-cr-00357-REP-1)

Submitted: August 14, 2017               Decided: August 23, 2017

Before MOTZ, SHEDD, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Geremy C. Kamens, Federal Public Defender, Patrick L. Bryant, Appellate Attorney, Paul E. Shelton, Jr., Research and Writing Attorney, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Alexandria, Virginia, for Appellant. Olivia L. Norman, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robert Dipasalegne appeals the sentence of 14 months' imprisonment and 36 months' supervised release imposed upon the revocation of his supervised release. On appeal, Dipasalegne's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal but questioning whether the district court imposed a plainly unreasonable sentence by relying to an impermissible degree on the seriousness of the offense and the need to promote respect for the law and by imposing a sentence greater than necessary to meet the statutory purposes of sentencing. Dipasalegne was notified of his right to file a pro se supplemental brief but has not done so. The Government has declined to file a response brief. For the reasons that follow, we affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." *United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013). We will affirm a revocation sentence "unless it falls outside the statutory maximum or is otherwise plainly unreasonable." *United States v. Padgett*, 788 F.3d 370, 373 (4th Cir. 2015) (internal quotation marks omitted). In considering whether a revocation sentence is plainly unreasonable, we first consider whether the sentence is procedurally and substantively unreasonable, applying the same general considerations employed in our review of original criminal sentences. *United States v. Crudup*, 461 F.3d 433, 438-39 (4th Cir. 2006) (internal quotation marks omitted). Only if we find the sentence unreasonable will we consider whether it is "plainly" so. *Id.* at 439.

A revocation sentence is procedurally reasonable if the district court considered the policy statements in Chapter Seven of the Sentencing Guidelines and the applicable 18 U.S.C. § 3553(a) (2012) factors and adequately explained the sentence it imposed. *See* 18 U.S.C. § 3583(e) (2012); *United States v. Thompson*, 595 F.3d 544, 546-47 (4th Cir. 2010). A revocation sentence is substantively reasonable if the district court stated a proper basis for concluding that the defendant should receive the sentence imposed. *Crudup*, 461 F.3d at 440. The sentence must be "sufficient, but not greater than necessary" to satisfy the statutory purposes of sentencing. 18 U.S.C. § 3553(a). "A sentence within the policy statement range is presumed reasonable, though the sentencing court retains broad discretion to impose a term of imprisonment up to the statutory maximum." *Padgett*, 788 F.3d at 373 (alterations, citations, and internal quotation marks omitted).

Counsel questions whether the district court relied too heavily on impermissible sentencing factors—particularly, the seriousness of Dipasalegne's offense and the need to promote respect for the law—when selecting the 14-month sentence it imposed. In devising a revocation sentence, a court is authorized by statute to consider most of the 18 U.S.C. § 3553(a) factors applicable to original sentences. *See* 18 U.S.C. § 3583(e). The statute omits § 3553(a)(2)(A), which directs a court to consider the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." We have held that, "although a district court may not impose a revocation sentence based predominately on the seriousness of the releasee's violation or the need for the sentence to promote respect for the law and provide just

3

punishment," a court's "mere reference to such considerations does not render a revocation sentence procedurally unreasonable when those factors are relevant to, and considered in conjunction with, the enumerated § 3553(a) factors." *Webb*, 738 F.3d at 642.

Throughout Dipasalegne's revocation hearing, the district court referenced Dipasalegne's lack of respect for the law and the terms of his release. It also made comments appearing to acknowledge the seriousness of Dipasalegne's violations and underlying drug offense. The court specifically identified three § 3553(a) factors as the basis for its sentence, including the need to promote in Dipasalegne respect for the law. Viewed in context, however, the court's comments reveal that these omitted § 3553(a) factors were not the primary basis for the sentence it imposed. Rather, the court appropriately considered the omitted factors intertwined with permissible § 3553(a) factors, particularly the need to deter Dipasalegne's further drug use and to protect the public from his future drug-related crimes. The court's comments throughout the hearing also demonstrate its thorough reliance on other permissible factors, including the nature and circumstances of Dipasalegne's offenses and his history and characteristics. *See Thompson*, 595 F.3d at 547 ("[A] district court's reasons for imposing a within-range sentence may be clear from context, including the court's statements to the defendant throughout the sentencing hearing." (citation omitted)). Thus, we discern no error, plain or otherwise, in the court's reliance on the § 3553(a)(2)(A) factors.

Counsel also questions whether Dipasalegne's sentence was greater than necessary to satisfy the statutory goals of sentencing. Counsel argues that Dipasalegne had

4

demonstrated nascent attempts at rehabilitation and acceptance of responsibility and that the court inadequately explained why a shorter sentence could not serve the statutory sentencing goals of deterrence and incapacitation. Although the court's reference to the § 3553(a) factors was brief, it clearly expressed its determination that Dipasalegne had made little attempt to rehabilitate his life and to cease his criminal behavior and drug use. Our review of the record amply supports this conclusion. We therefore conclude that Dipasalegne fails to rebut the presumption of substantive reasonableness accorded his sentence. *See Padgett*, 788 F.3d at 373.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Dipasalegne, in writing, of the right to petition the Supreme Court of the United States for further review. If Dipasalegne requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Dipasalegne.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

5